ESSEX COUNTY COURT OF COMMON PLEAS.

IN THE MATTER OF THE APPLICATION OF ALPHONSO MOSES EL FOR BENEFITS UNDER THE ONE PER CENT. FUND

Decided January 3, 1940.

For the petitioner-appellant, *Harry Krieger.*

For the Commissioner of Labor, *Stephen J. Lorenz.*

FLANNAGAN, J.    This is an appeal from a determination of the Commissioner of Labor, denying the petition of Alphonso Moses El, a workman, for benefits under the "one per cent. fund."

On December 8th, 1936, the petitioner sustained injury in an accident which arose out of and in the course of his employment.    He was on November 12th, 1937, awarded fifteen per cent. of total for partial permanent disability, and on March 21st, 1939, he was awarded increased additional disability of ten per cent. of total for partial permanent disability, making a total of twenty-five per cent. of partial permanent disability.

These awards, aggregating twenty-five per cent., were for disability growing out of the accident of December 8th, 1936. Prior to the accident, petitioner was suffering from a progressive disease (a luetic condition) which permanently, partially disabled him, but which the accident neither aggravated nor activated.

After the awards the petitioner suffered a stroke and became as a result of the accident of December 8th, 1936, and the pre-existing partial permanent disability, totally and permanently disabled.

The second award (that of March 21st, 1939) provided for payments by the employer for fifty weeks, and before the expiration of such fifty weeks and on October 4th, 1939, petitioner filed his petition for benefits under the one per cent. fund.

There seems to be no dispute on the facts, the only question presented being one of law, viz., whether under these circumstances petitioner is entitled to benefits from the one per cent. fund.

The Commissioner of Labor denied the petitioner benefits and dismissed his petition upon a single ground, viz., that "at the time of the accident or immediately thereafter he was not totally disabled."

I can find no warrant for this limitation in the statute, and conclude that this ground is not well taken.

The statute (*R. S.* 34:15-95) provides (so far as presently pertinent) that payments from the one per cent. fund shall be made to persons totally disabled as a result of experiencing a subsequent permanent injury when such person had previously been partially disabled from some other cause. There is no provision that the total disability must occur simultaneously with the "subsequent permanent injury" nor that it shall occur "immediately thereafter." Such a limitation would be illogical, for we know by common knowledge and experience that the effects of traumatic injuries are not to be reliably gauged by manifestations evinced simultaneously with the accident, or "immediately thereafter."

Upon the argument in this court an additional ground was advanced in support of the dismissal of the petition, viz.,

that the petitioner had not exhausted his remedies against his employer before filing his petition for participation in the one per cent. fund. The theory urged being that the petitioner should, before filing his present petition, have filed a petition for further increased disability.

On March 21st, 1939, the department adjudged that the extent of the petitioner's disability due to the accident was an increased amount of ten per cent., or in other words, that his total disability due to the accident was twenty-five per cent. Presumptively this adjudication was correct and, so long as it stands, establishes the limit and extent of the petitioner's disability due to the accident. To suggest that he may have suffered still further increased disability since that adjudication is a mere naked hypothesis in the face of the determination. The situation, as it was adjudicated to exist at that time, is assumed to continue until the contrary is made to appear.